UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM L. COLE,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security Administration,

    Respondent.

Case No. C08-5689BHS

ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 16) and Petitioner's Objections to the Report and Recommendation (Dkt. 17).

# I. BACKGROUND

On November 24, 2008, Plaintiff William L. Cole filed a complaint against Defendant Michael J. Astrue seeking review of a final decision denying Plaintiff's application for disability benefits. Dkt. 1. On July 31, 2009, Judge Creatura issued a Report and Recommendation and recommended that the Court "affirm the administrative decision." Dkt. 16 at 17. On August 14, 2009, Plaintiff filed Objections to Report and Recommendation. Dkt. 17. On August 28, 2009, Defendant responded. Dkt. 18. On September 3, 2009, Plaintiff replied. Dkt. 19.

ORDER – 1

## II. DISCUSSION

As a threshold matter, Defendant claims that Plaintiff's objections to Judge Creatura's report and recommendation merely reiterate "the same arguments contained in [Plaintiff's] opening and reply briefs" that were considered by Judge Creatura. Dkt. 18 at 1. Plaintiff failed to respond to this assertion. Under the federal rules of procedure,

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). Thus, the Court must initially determine what "part of the magistrate judge's disposition . . . has been properly objected to." *Id*.

Plaintiff asserts five specific objections to the report and recommendation: (1) The Administrative Law Judge ("ALJ") Failed To Properly Evaluate The Medical Evidence (Dkt. 17 at 6-11); (2) The ALJ Failed To Properly Evaluate Claimant's Testimony (*Id*. at 11); (3) The ALJ Failed To Properly Evaluate Lay Witness Evidence (*Id*.); (4) The ALJ Improperly Determined Claimant's Residual Functional Capacity (*Id*. at 12); and (5) The Commissioner Failed To Meet The Burden Of Showing That The Claimant Can Perform Any Work In The National Economy *(Id*.). In support of his second, third, and fourth objections, Plaintiff states that each "argument is set forth in Plaintiff's Opening Brief at pages . . . ." *Id*. at 11-12. The Court finds that these are not proper objections toJudge Creatura's disposition. Therefore, the Court will only address Plaintiff's first and fifth objections.

### A. Plaintiff's First Objection

In this objection, Plaintiff argues that the ALJ made multiple legal errors that require reversal. Dkt. 17 at 7-11. Plaintiff, however, objects to only two of Judge Creatura's findings, which are as follows: (1) the proper standard of review for opinions from non-medical sources, and (2) the finding that the ALJ reasonably interpreted the opinion of Mr. Duncan, a physical therapist. *Id*. at 7, 10. The Court will address both of these objections.

ORDER – 2

First, Plaintiff argues that the "ALJ's failure to properly analyze Mr. Duncan's opinion by considering all of the factors set forth in [Social Security Ruling ("SSR")] 06-03p is legal error requiring reversal." *Id*. at 8. SSR 06-03p regards how an ALJ should evaluate opinions from "non-medical sources." *See* Dkt. 16 at 5. Plaintiff fails to cite any controlling authority for the proposition that it is legal error if an ALJ does not consider all of the factors set forth in SSR 06-03p. Plaintiff, however, presented the same argument to Judge Creatura. *Id*. at 4-5.

In the Report and Recommendation, Judge Creatura stated that an "ALJ may discount medical opinions from other sources by providing 'germane' reasons." *Id*. at 4 (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). Judge Creatura then declined to adopt Plaintiff's proposed standard and applied the Ninth Circuit's "standard of 'germane reasons' when evaluating 'non-medical source' opinions such as the ones at issue in this case." *Id*. at 5.

In his objections, Plaintiff "respectfully submits that the Magistrate Judge's analysis of this issue is incorrect." Dkt. 17 at 6. Plaintiff argues that the Ninth Circuit "decisions were issued before [Defendant] published [SSR 06-06p]" and that the decisions "involved lay testimony from family members who were non-medical sources; this case involves medical opinion evidence from medical sources who are not 'acceptable medical sources.'" *Id*. The Court is not persuaded by Plaintiff's arguments. Therefore, the Court finds that the binding standard of review is that it is not legal error if the ALJ gave "germane" reasons for discounting medical opinions from non-medical sources.

Second, Plaintiff disagrees with Judge Creatura's finding that the "ALJ reasonably interpreted and properly considered" Mr. Duncan's opinion. Dkt. 17 at 10. The ALJ wrote:

> [Mr. Duncan], [t]he therapist who completed his physical capacities assessment concluded after a one day evaluation that the claimant could not sustain work, but this seems to be due mostly to deconditioning and not a clear physical impairment. He seemed to feel that the claimant needed physical therapy and hardening so that he could increase his stamina. This may be an accurate statement, although I am reluctant to give much weight to a one day evaluation concerning the claimant's ability to sustain work. If it is accurate,

ORDER – 3

deconditioning is not an impairment that would be expected to last for a year
or more if appropriate treatment is pursued.

Dkt. 8, Administrative Record at 24-25. Judge Creatura found that:

> The ALJ's interpretation is properly supported by substantial evidence.
> The court notes [that the] record could be interpreted differently, i.e., in the
> manner plead by Plaintiff. However, it is worth repeating that while the court
> is required to examine the record as a whole, it may neither reweigh the
> evidence nor substitute its judgment for that of the Commissioner. *Thomas v.
> Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Moreover, when the evidence is
> susceptible to more than one rational interpretation, as it may be in this matter,
> it is the ALJ's conclusion that must be upheld. *Id.*

Dkt. 16 at 8-9.

After a review of the record, the Court agrees with Judge Creatura's finding that substantial evidence supports the ALJ's interpretation. The Court is bound by the same standard as Judge Creatura in that it may not substitute its judgment for that of the ALJ. Therefore, the Court overrules Plaintiff's objection and adopts the Report and Recommendation on this issue.

**B.     Plaintiff's Fifth Objection**

Plaintiff claims that Defendant "failed to meet the burden of showing that [Plaintiff] can perform any work in the national economy." Dkt. 17 at 12. Plaintiff argues that:

> This argument is set forth in Plaintiff's Opening Brief at pages 20-24.
> The Magistrate Judge does not address [Plaintiff's] argument that the
> ALJ improperly relied upon [vocational expert ("VE")] testimony that
> deviated from the *Dictionary of Occupational Titles* (DOT), in violation of the
> legal standards set forth in *Massachi v. Astrue*, [486 F.3d 1149, 1153 (9th Cir.
> 2007)]; *Johnson v. Shalala*, [60 F.3d 1428, 1434-35 (9th Cir. 1995)]; and
> *Terry v. Sullivan*, [903 F.2d 1273, 1276 (9th Cir. 1990)].

Dkt. 17 at 12. In his opening brief, Plaintiff argued that

> under *DeLorme v. Sullivan*, [924 F.2d 841, 849 (9th Cir. 1991)] the VE's
> testimony in response to the ALJ's hypothetical has no evidentiary value
> because the hypothetical did not include all of Mr. Cole's limitations,
> including his inability to stand for more than 3 minutes, walk for more than 17
> minutes, and sit for more than 45 minutes before needing a break, and his need
> to lie down to relieve pain.

Dkt. 11 at 21. Judge Creatura found as follows:

> the ALJ relied on the testimony of the vocational expert, in response to a
> hypothetical that was based on Plaintiff's [residual functional capacity

ORDER – 4

("RFC")], to support the conclusion that Plaintiff is capable of performing work as a cashier, small products assembler, or table worker. Plaintiff argues the ALJ did not meet his burden of production at step-five of the administrative process. The argument is premised on the argument that the ALJ failed to properly assess Plaintiff's RFC. As discussed above, the ALJ did not err in his evaluation of Plaintiff's RFC, and consequently, the ALJ did not err in concluding Plaintiff is capable of performing other work within the national economy.

Dkt. 16 at 16.

After reviewing the record, the Court agrees with Judge Creatura that Plaintiff argument is premised on his argument that the ALJ improperly determined Plaintiff's RFC. An argument based on a false premise is unavailing. Therefore, the Court overrules Plaintiff's objections and adopts Judge Creatura's recommendation on this issue.

### III.  ORDER

Therefore, the Court having considered the Report and Recommendation, Plaintiff's objections, and the remaining record, does hereby find and order:

(1) The Court **OVERRULES** Plaintiff's Objections;

(2) The Court adopts the Report and Recommendation;

(3) The Court **AFFIRMS** the ALJ's decision; and

(3) This action is **DISMISSED**.

DATED this 6th day of October, 2009.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER – 5